NOT FOR PUBLICATION

RECEIVED

FEB 01 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HELEN ENOBAKHARE and WILLIAM ENOBAKHARE,

   Plaintiffs,

v.

ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, JOHN DOES 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), JANE DOES 1-10 FICTICIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), ABC CORPORATION (FICTITIOUS NAMES REPRESENTING UNKNOWN ENTITIES), THE YELLOW CAB COMPANY AND ADAM TYUS,

   Defendants.

Civ. No. 16-1457

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on multiple motions. Defendant Robert Wood Johnson University Hospital ("Defendant") filed a motion to dismiss. (ECF No. 14) ("First Motion to Dismiss"). While that motion was pending before this Court, Defendant filed another motion to dismiss. (ECF No. 21) ("Second Motion to Dismiss"). Plaintiffs Helen Enobakhare and William Enobakhare ("Plaintiffs") oppose both motions. (ECF Nos. 18, 22). The Court has decided the motions based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' Complaint will be dismissed without prejudice and Plaintiffs will be granted leave to file an amended Complaint on or before February 17, 2017. Defendant's motions to dismiss will be denied without prejudice.

1

If Plaintiffs properly file an amended complaint, Defendant may re-submit its motions to dismiss.

## BACKGROUND

This case is a wrongful death action brought by Helen Enobkahare and William Enobakhare regarding the passing of their mother Patience Enobakhare. Plaintiffs make the following allegations.

Patience Enobakhare was originally admitted to Robert Wood Johnson University Hospital for hyperthyroidism from December 10, 2014 to December 15, 2014. (Fourth Am. Compl. ¶ 1, ECF No. 6). Patience Enobakhare was again admitted to Robert Wood Johnson University Hospital in January 2014, February 2014, and from March 5, 2014 to March 9, 2014. (*Id.* ¶¶ 1, 4). Throughout this time period, Patience Enobakhare had chronic swollen legs. (*Id.* ¶ 3). On March 5, 2014, Patience Enobakhare was admitted to Robert Wood Johnson University Hospital to receive an x-ray and blood work on the advice of her primary care physician. (*Id.* ¶ 4). Patience Enobakhare was discharged on March 9, 2014, but no x-ray or blood work was performed, and she was not provided any explanation for her chronic swollen legs. (*Id.* ¶ 4). Patience Enobakhare's legs were consistently swollen from December 10, 2013 to March 9, 2014, but her swollen legs were never examined, diagnosed or treated. (*Id.* ¶ 5).

The Robert Wood Johnson University Hospital staff knew or should have known that there was a medical reason for her chronic swollen legs, had an obligation to examine her swollen legs, and that the failure to diagnose or treat her for the cause of her chronic swollen legs would result in serious harm or death. (*Id.* ¶¶ 7, 8). The staff at Robert Wood Johnson University Hospital should have realized that Patience Enobakhare's chronic swollen legs were not related to her hyperthyroidism. (*Id.* ¶ 13). If the staff at Robert Wood Johnson University Hospital had diagnosed and treated her swollen legs, she would not have died. (*Id.* ¶ 9). On

March 14, 2014, Patience Enobakhare passed away of heart failure. (*Id.* ¶ 34). She passed away because her chronic swollen legs were never treated. (*Id.* ¶ 15, 17). Also, after Patience Enobakhare passed, an autopsy was performed and it was determined that she had passed due to her hyperthyroidism. (*Id.* ¶ 19).

Additionally, on March 14, 2014, Patience Enobakhare took a taxicab to her home from the local shopping mall. Her cab driver, Adam Tyus, who was working for Defendant Yellow Cab Company, did not take the "regular" road used by cab drivers to drive between Patience Enobakhare's neighborhood and the local shopping mall. (*Id.* ¶ 36). In so doing, he caused her to become anxious, confused and to hyperventilate "by taking her to an unfamiliar, dark, and uncomfortable roadway in her town." (*Id.* ¶ 33). She had told the cab driver to stop, but he refused. (*Id.* ¶ 50). She became so nervous that she jumped out of the taxicab and into a stranger's car who had the police call an ambulance. (*Id.* ¶ 40). Patience Enobakhare passed away that day.

On August 9, 2016, Defendant filed an answer to Plaintiffs' Complaint. (ECF No. 8). The Clerk of Court previously entered default against Defendants Yellow Cab Company and Adam Tyus. (*See* ECF No. 12). Defendant then filed its motions to dismiss. Therefore, Defendant's two motions to dismiss are presently before the Court.

## DISCUSSION

### I. Jurisdiction

Before considering the merits of Defendant's motions to dismiss, the Court must consider whether it has jurisdiction over this case. In order to state subject matter jurisdiction on the basis of diversity of the parties, plaintiffs must affirmatively plead the citizenship of all parties. *Lewis v. United Air Lines, Inc.*, 117 F. Supp. 2d 434, 442 (D.N.J. 2000). Failure to properly and completely allege a basis for diversity jurisdiction deprives a federal court of jurisdiction.

3

*Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," we review the complaint. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). In a complaint alleging diversity of citizenship as the basis for federal jurisdiction, the burden is on the plaintiff to affirmatively identify the citizenship of each party so that "the existence of complete diversity can be confirmed." *Chemical Leaman*, 177 F.3d at 222 n.13 (citing Fed. R. Civ. P. 8(a)(1)). Allegations as to a party's "residency," as opposed to "citizenship" or "domicile," are "jurisdictionally inadequate in [a] diversity of citizenship case." *McNair v. Synapse Group Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012)

Plaintiffs' Complaint alleges that Defendants Robert Wood Johnson University Hospital, Yellow Cab Company and Adam Tyus all were residents of or businesses in New Jersey. (Fourth Am. Compl. at ¶¶ 26, 30, 31, ECF No. 6). Plaintiffs' Complaint alleges that Plaintiff William Enobakhare was at all times relevant a resident of New York, and that Plaintiff Helen Enobakhare was at all times relevant a resident of the District of Columbia. (Fourth Am. Compl. ¶¶ 28, 29, ECF No. 6). Plaintiffs' Complaint alleges that the deceased, Patience Enobakhare, was at all times relevant a resident of the State of New Jersey, County of Middlesex. (Fourth Am. Compl. ¶ 27, ECF No. 6).

Plaintiffs cite the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 *et seq.* as the basis for bringing its claims. None of the defendants before this Court are public entities, and as a result, it appears that the New Jersey Tort Claims Act would not govern here and Plaintiffs have failed to cite the relevant New Jersey statute governing their claims. Notwithstanding this potential deficiency, Plaintiffs' Complaint is titled, "Amended Complaint for Wrongful Death" and it contains a single cause of action for wrongful death and negligence. (Fourth Am. Compl. at 1–2, ECF No. 6). Therefore, it appears that New Jersey's Wrongful Death Act, codified at N.J.S.A. §

4

2A:31-1 *et seq.*, which establishes a cause of action for wrongful death under certain circumstances, applies to Plaintiffs' claims.[1] The statute provides that only certain individuals may bring such an action: "Every action commenced under this Chapter shall be brought in the name of an administrator *ad prosequendum* of the decedent for whose death damages are sought, except where decedent died testate and his will is probated, in which event the executor named in the will and qualifying, or the administrator with the will annexed, as the case may be, shall bring the action." N.J.S.A. § 2A:31-2.

Plaintiffs' Complaint is deficient. Plaintiffs only allege "residency" of multiple parties as opposed to the parties' "citizenship" or "domicile." (Fourth Am. Compl. ¶¶ 26–31, ECF No. 6). Additionally, Plaintiffs bring the instant wrongful death action in their individual capacities, rather than as administrators *ad prosequendum* of the decedent as required by the Wrongful Death Statute. If Plaintiffs had properly brought the Complaint as required by the Wrongful Death Statute, the Plaintiffs would be deemed citizens of the same state as the decedent. *See* Fed. R. Civ. P. 1332(c)(2) (providing that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). Based on the allegations contained in the Complaint, it appears that diversity jurisdiction would then be destroyed because the Plaintiffs would be deemed citizens of the state of New Jersey, the same state as all of the named defendants.

Plaintiffs claim in their briefs that the deceased may have been a citizen of Nigeria, and as a result, diversity jurisdiction may still exist even if Plaintiffs had brought this suit as legal

---

[1] The statute reads: "When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime."

N.J.S.A. § 2A;31-1.

representatives of the decedent. (ECF No. 22 at 10). However, these claims in Plaintiffs' briefs directly contradict the allegations in Plaintiffs' Complaint, where Plaintiffs' allege that the decedent was at all times relevant a resident of the State of New Jersey, and the purported foreign citizenship of the decedent is not mentioned at all. (*See* Fourth Am. Compl., ECF No. 6). Moreover, no documents relating to the decedent's purported Nigerian citizenship were attached to the Complaint. Therefore, based on the face of the Complaint, the Court cannot determine that it has subject matter jurisdiction to hear this matter. This runs afoul of the express language of Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the grounds for the court's jurisdiction." Plaintiffs will be granted leave to file an amended Complaint. If Plaintiffs do not cure the pleading deficiencies discussed herein, Plaintiffs' Complaint may be dismissed with prejudice.

## II. Defendant's Motions to Dismiss

Defendant's motions to dismiss will be denied without prejudice pending any attempt by Plaintiffs to file an amended complaint.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Complaint will be dismissed without prejudice. Defendant's motion to dismiss will be denied without prejudice. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: February 1, 2017

6