NOT FOR PUBLICATION

RECEIVED
MAY 23 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN ENOBAKHARE and WILLIAM ENOBAKHARE, Administrators ad Prosequendum, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, JOHN DOES 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), JANE DOES 1-10 FICTICIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), ABC CORPORATION (FICTITIOUS NAMES REPRESENTING UNKNOWN ENTITIES), THE YELLOW CAB COMPANY AND ADAM TYUS, <br><br> Defendants. | Civ. No. 16-1457 <br><br> **MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

This matter having come before the Court on Plaintiffs' Motions to Vacate Order of Dismissal and to Restore (ECF Nos. 28, 30) and Defendant Robert Wood Johnson University Hospital's Cross-Motion for Summary Judgment (ECF No. 36); and for the reasons stated on the record on May 22, 2017, as well as the reasons stated herein, and

IT APPEARING that the parties previously consented to the filing of an Amended Complaint (ECF No. 32); and it further

APPEARING that Plaintiffs failed to provide Defendant Robert Wood Johnson University Hospital with an affidavit of merit as required by N.J.S.A. 2A:53A-27, or a sworn statement in lieu thereof, as required by N.J.S.A. 2A:53A-28; and it further

1

APPEARING that Plaintiffs' failure to provide an affidavit of merit or sworn statement in lieu thereof constitutes a failure to state a cause of action under N.J.S.A. 2A:53A-29, which should ordinarily result in a dismissal with prejudice unless a Plaintiff demonstrates substantial compliance with the affidavit of merit obligations or extraordinary circumstances that prevented compliance;[1] and it further

APPEARING that Plaintiffs have not substantially complied with the affidavit of merit obligations, and extraordinary circumstances do not exist that could excuse Plaintiffs from complying with New Jersey's Affidavit of Merit Statute; and there exist no genuine issues of material fact and Defendant Robert Wood Johnson University Hospital is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56;

IT IS, on this 23rd day of May, 2017,

ORDERED that Plaintiffs' Motions to Vacate Order of Dismissal and to Restore (ECF Nos. 28, 30) are DISMISSED AS MOOT; and it is further

ORDERED that Defendant Robert Wood Johnson University Hospital's Cross-Motion for Summary Judgment (ECF No. 36) is GRANTED; and it is further

ORDERED that Plaintiffs' claims against Defendant Robert Wood Johnson University Hospital are DISMISSED, but Plaintiffs' claims against the remaining defendants contained in the Amended Complaint remain.

<i>/s/ Anne E. Thompson</i><br>
ANNE E. THOMPSON, U.S.D.J.

---

[1] *Meehan v. Antonellis*, 226 N.J. 216, 228–29 (2016); *Cornblatt v. Barow*, 153 N.J. 218, 246–47 (1998).