NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HELEN ENOBAKHARE and WILLIAM ENOBAKHARE, *administrators ad prosequendem*,

Plaintiffs,

v.

ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL, JOHN DOES 1-10 (FICTITIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), JANE DOES 1-10 (FICTICIOUS NAMES REPRESENTING UNKNOWN INDIVIDUALS), ABC CORPORATION (FICTITIOUS NAMES REPRESENTING UNKNOWN ENTITIES), THE YELLOW CAB COMPANY and ADAM TYUS,

Defendants.

Civ. No. 16-1457

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

Before the Court is a motion for default judgment brought by Plaintiffs Helen and William Enobakhare ("Plaintiffs"). (ECF No. 54.) The motion is unopposed. The Court has decided the motion after considering the written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Plaintiffs' Motion is denied.

## BACKGROUND

This case is a wrongful death and survivor's action brought by Plaintiffs regarding the death of their mother, Patience Enobakhare.[1] Since the Court already granted summary judgment

---

[1] Although originally filed on behalf of Plaintiffs in their individual capacities (*see, e.g.*, ECF Nos. 1, 6), the final Amended Complaint filed on April 13, 2017 lists the Plaintiffs in the case

1

in favor of Robert Wood Johnson University Hospital (ECF No. 42), the Court will recount only the allegations and procedural history relevant to the defendants who remain in the action.

Decedent Patience Enobakhare, who was sixty-eight years old (Am. Compl. ¶ 4, ECF No. 33), was treated in both inpatient and outpatient settings at Robert Wood Johnson University Hospital between December 10, 2013 and March 14, 2014 for conditions including chronic swollen legs; hyperthyroidism; a fall which caused injuries to her arms, hands, and shoulders; diabetes; hypertension; and related illnesses. (*Id.* ¶ 1.) On March 14, 2014, Ms. Enobakhare took a taxicab to her home from the local shopping mall. (*Id.* ¶ 9.) Her cab driver, Adam Tyus ("Defendant Tyus"), who was working for Yellow Cab Company ("Defendant Yellow Cab") (*id.* ¶¶ 31–32), did not take the routine or regular road used by cab drivers to drive between Patience Enobakhare's neighborhood and the local shopping mall. (*Id.* ¶¶ 36–37.) "By taking her to an unfamiliar, dark and uncomfortable roadway in her town," he caused her to become anxious, confused, and agitated and to hyperventilate. (*Id.* ¶ 34.) She told the cab driver to stop, but he refused. (*Id.* ¶ 51.) She became so nervous that she jumped out of the cab and into the car of a stranger, who had the police call an ambulance. (*Id.* ¶ 41.) Patience Enobakhare suffered fatal heart failure, passing away that day. (*Id.* ¶ 42.)

Plaintiffs' final Amended Complaint alleges one count of wrongful death and one count of negligence against Defendants Tyus and Yellow Cab.[2] (*Id.* ¶¶ 9, 33–45.) The Court finds that Plaintiffs more specifically allege in Count One a violation of the Wrongful Death Act, N.J.S.A.

---

caption as "Administrators ad Prosequendum," as required to maintain a wrongful death action under New Jersey law. N.J.S.A. 2A:31-2. The Court construes this amendment to allege claims on behalf of Plaintiffs as *administrators ad prosequendem* under the Wrongful Death Act, as well as individually under the Survivor's Act as originally pleaded.

[2] Plaintiffs' allegations against Defendant Yellow Cab appear to flow exclusively from a theory of *respondeat superior* as employer of Defendant Tyus, who Plaintiffs allege was acting within the scope of his employment. (*See* Am. Compl. ¶¶ 31–32, 39–40.)

2A:31-1, and in Count Two a violation of the Survivor's Act, N.J.S.A. 2A:15-3. *See Aronberg v. Tolbert*, 25 A.3d 1121, 1124–25 (N.J. 2011); (*see also* Pls.' Br. at 3, ECF No. 54-2).

After filing an Amended Complaint (ECF No. 6), Plaintiffs served a copy of the Amended Complaint and a Summons on Defendants Tyus and Yellow Cab by leaving copies with Nehman Azzi, "Manager" of Yellow Cab, at the Yellow Cab business address[3] of 320 Commercial Avenue, New Brunswick, NJ 08901. (ECF Nos. 7, 54-1; Pls.' Br. at 5 ("As noted above, the Amended Complaints in this case was [sic] filed on May 12, 2016, and personally served upon the defendant, through their manager, Neham [sic] Azzi, on June 10, 2016 and a copy of the plaintiffs [sic] final Amended Complaint was served on the defendants on April 10, 2017 via USPO regular mail.").) To date, these Defendants have not appeared in this action.

In August 2016 Plaintiffs sought both a Clerk's entry of default and Clerk's entry of default judgment for a sum certain against Defendants Tyus and Yellow Cab.[4] (ECF Nos. 10, 11.) At that time, the Clerk's Office directed Plaintiffs to file a request for entry of default only and terminated the motion for default judgment. (ECF entries dated 8/23/2016, 8/25/2016.) On August 25, 2016, Plaintiffs filed a request for default. (ECF No. 12.) The Clerk's Office then entered default against Defendants Yellow Cab Company and Adam Tyus. (ECF entry dated 8/25/2016.) The Clerk's Office did not consider any motion for default judgment and did not award default judgment.

---

[3] All versions of the complaint in this action (ECF Nos. 1, 3, 5, 6, 27, 33) list the address for the Yellow Cab Company as 121 Jersey Avenue, New Brunswick, NJ 08901. However, the process server noted on June 10, 2016 that the company had moved to a new address. (ECF No. 7.)
[4] The moving papers for the Request for Default and for Clerk's Entry of Default Judgment for Sum Certain were delivered by process server to the same Commercial Avenue address for the Yellow Cab Company and received by a Mr. Nubuck, "as Managing Agent for Yellow Cab Company," on August 11, 2016. (ECF No. 54-3.)

On August 8, 2017, Plaintiffs were ordered by Magistrate Judge Lois H. Goodman to move for default judgment by September 8, 2017 or risk dismissal for failure to prosecute pursuant to Local Civil Rule 41.1(a). (ECF Nos. 46, 48.) On September 7, 2017, Plaintiffs were granted a 10-day extension to file any motion for default judgment, moving the deadline to September 18, 2017. (ECF No. 49.) On October 11, 2017, this Court issued an Order to Show Cause as to why this matter should not be dismissed, as Plaintiffs had yet to file any motion for default judgment. (ECF No. 50.) After further communication between the Court and Plaintiffs' attorney (ECF Nos. 51, 52), on September 28, 2017, Plaintiffs moved for default judgment. (ECF No. 54.) That unopposed motion is presently before the Court.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55, following the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), a party may "apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). As a threshold matter, "[d]efault judgment is permissible only if plaintiff's factual allegations establish a right to the requested relief." *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011). The court must test the plaintiff's factual allegations against the asserted cause(s) of action. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015). While the court must accept as true well-pled factual allegations, *id.* at 684 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)), it need not accept legal conclusions or alleged damages, *Chanel, Inc., v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008). "Plaintiff must . . . offer some proof of damages." *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (citing Fed. R. Civ. P. 55(b)(1)–(2); *Comdyne*, 908 F.2d at 1149).

"Once a plaintiff has met the prerequisites for default judgment—entry of default and proof of damages—the question of whether or not to enter a default judgment 'is left primarily to the discretion of the district court.'" *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). In deciding whether default judgment is appropriate, the court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct," taken willfully and in bad faith. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A party who has made a proper showing under Rule 55 is not entitled to default judgment as of right. The Third Circuit has cautioned that default judgment is a sanction of last resort—cases are more appropriately decided on their merits where practicable. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003); *Hritz*, 732 F.2d at 1181.

## ANALYSIS

I. Service of Process

Since proper service of process is required to establish personal jurisdiction over a defendant, the Court "must first assess the adequacy of service of process in order to determine whether default judgment should be entered." *Days Inns Worldwide, Inc. v. Hartex Ventures, Inc.*, 2011 WL 1211353, at *2 (D.N.J. Mar. 28, 2011) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991)). Plaintiff must establish that Defendants were properly served. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside."); *see also Moody Nat'l FFI Meadowlands MT, LLC v. Gager*, 2013 WL 622128, at *4 (D.N.J. Jan. 24, 2013) ("If plaintiff failed to effect service of process on each defendant, then

entry of a default judgment is premature and unwarranted."); *Granger v. Am. E-Title Corp.*, 2012 WL 300620, at *4 (D.N.J. Feb. 1, 2012).

Plaintiffs purport to have "personally served" both Defendants by leaving a copy of the Amended Complaint and Summons with Nehman Azzi (alternatively referred to as Neham Azzi), described by Plaintiffs as the Manager of Yellow Cab, at Yellow Cab's business address of 320 Commercial Avenue, New Brunswick, NJ 08901. (*See* Mot. for Final Entry of Default J. ¶ 2, ECF No. 54; Affirmation for Final Entry of Default ¶ 2.A, ECF No. 54-1; Pls.' Br. at 1, 4, 5.) The Court finds, based on Plaintiffs' affidavits of service (ECF No. 7) and reasonable inferences therefrom, that Defendant Yellow Cab was properly served. In keeping with Rule 4, Plaintiffs served Defendant Yellow Cab by leaving copies of the Amended Complaint and Summons with the Manager of the company at the company's business address. *See Reddy v. MedQuist, Inc.*, 2009 WL 2413673, at *6 (D.N.J. Aug. 4, 2009) ("Rule 4(h)(1)(B) authorizes service of process on a corporation 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .'" (quoting Fed. R. Civ. P. 4(h)(1))). However, it appears that Defendant Tyus, an individual, was never properly served.

Under Federal Rule of Civil Procedure 4(e), service of process may be made on individuals in the following ways:

> by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," by delivering service personally, by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering service to an agent authorized by appointment or by law.

6

*Reddy*, 2009 WL 2413673, at *3 (quoting Fed. R. Civ. P. 4(e)).[5] By its terms, personal service requires direct delivery to the defendant in person. Although a plaintiff may alternatively effectuate service to the defendant's dwelling or abode, "delivering service to an employer's office is not delivery to an individual's dwelling place." *Id.* at *4. Furthermore, service upon an agent tends to be strictly construed, requiring "an actual appointment for the specific purpose of receiving process." *Nyholm v. Pryce*, 259 F.R.D. 101, 104 (D.N.J. 2009) (quoting *Dunkley v. Rutgers*, 2007 WL 2033827, at *2 (D.N.J. July 11, 2007)). "New Jersey has adopted the federal rule 'that the plaintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process.'" *Lee v. Genuardi's Family Markets, L.P.*, 2010 WL 2869454, at *4 (D.N.J. July 19, 2010) (quoting *Zoning Bd. of Adjustment of Sparta Twp. v. Serv. Elec. Cable Television of N.J., Inc.*, 487 A.2d 331, 335 (N.J. App. Div. Super. Ct. 1985)).

Plaintiffs affirm they personally served both Defendants by leaving a copy of the Amended Complaint and Summons with the Manager of Yellow Cab at Yellow Cab's business address. Although this was adequate service as to Defendant Yellow Cab, this method of service satisfies neither of the first two options under Rule 4(e) for service to individuals. Delivery to another person—here, Mr. Azzi—is not personal service upon Defendant Tyus. Similarly, as explained above, leaving the complaint and summons with a person of suitable age and discretion at the defendant's place of employment is not proper service under the Federal Rules or New Jersey law.

---

[5] New Jersey law further provides that "a plaintiff may undertake substituted service by submitting an affidavit stating that 'despite diligent effort and inquiry personal service cannot be made,' and then by 'mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail . . . addressed to the individual's dwelling house or usual place of abode.'" *Emmanouil v. Mita Mgmt., LLC*, 2012 WL 2277721, at *3 (D.N.J. June 15, 2012) (citing N.J. Ct. R. 4:4–4(b)(1)(C)). This manner of service is not at issue here. Plaintiffs believed they had properly served Defendant Tyus by leaving a copy of the Amended Complaint and Summons at his work address with his manager.

Turning to the third permissible method of service upon individuals, it is possible Plaintiffs intended to serve Defendant Tyus via an agent. However, Plaintiffs have not met their burden of showing that Mr. Azzi was designated as an agent to receive service by Defendant Tyus. Accordingly, Defendant Tyus was never properly served, the Court lacks personal jurisdiction over Defendant Tyus, and the Clerk's entry of default against him must be vacated.

II.     Plaintiffs' Claims Against Defendant Yellow Cab

As explained above, the Court construes Plaintiffs' Amended Complaint to plead Count One under the Wrongful Death Act, N.J.S.A. 2A:31-1, and Count Two under the Survivor's Act, N.J.S.A. 2A:15-3. *See generally Aronberg*, 25 A.3d at 1124–25; (*see also* Pls.' Br. at 3). Both Counts appear to be brought against both remaining Defendants: Defendants Tyus and Yellow Cab. (Am. Compl. ¶¶ 9, 33–45.) Plaintiffs' allegations against Defendant Yellow Cab flow exclusively from a *respondeat superior* theory of vicarious liability, *see generally Williams v. Rene*, 72 F.3d 1096, 1099 (3d Cir. 1995); *Di Cosala v. Kay*, 450 A.2d 508, 513 (N.J. 1982), as Plaintiffs plead that Defendant Tyus was an employee of Yellow Cab acting within the scope of his employment. (*See* Am. Compl. ¶¶ 31–32, 39–40.) Plaintiffs do not otherwise allege any culpable conduct taken directly by Defendant Yellow Cab, for example negligent hiring, retention, or entrustment.

The Court has determined Defendant Tyus was never properly served and that the Court is unable to exercise personal jurisdiction over him. Because the allegations against Defendant Yellow Cab sound in *respondeat superior*, without a finding of liability against the individual employee, the Court cannot find the employer vicariously liable. *Williams*, 72 F.3d at 1099 ("[Employer] would be responsible only if [Employee] were negligent and his conduct occurred during the course and scope of his employment. [Employer's] liability would be vicarious only . .

8

. ."). Therefore, the Court need not consider the sufficiency of Plaintiffs' claims or the default judgment factors as to Defendant Yellow Cab; the Court is unable to enter default judgment against either of the Defendants.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion is denied. Further, the default entered by the Clerk's Office on August 25, 2016 is vacated as to Defendant Tyus. The Third Circuit advises that "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Court is aware that the 120-day window for service of process has long ago expired. Moreover, both causes of action alleged here carry two-year statutes of limitations, N.J.S.A. 2A:31-3; N.J.S.A. 2A:15-3, and Plaintiffs filed the original Complaint in this action on the two-year anniversary of the events that are the subject of the Complaint. Therefore, dismissing the action for improper service would foreclose Plaintiffs from pursuing their claims altogether. The Court thus affords Plaintiffs an opportunity to attempt service anew on Defendant Tyus. Plaintiffs must properly serve the Amended Complaint (ECF No. 33) and Summons on Defendant Tyus by December 8, 2017. An appropriate order will follow.

Date: Nov. 6, 2017

ANNE E. THOMPSON, U.S.D.J.